# CIRCUIT COURT OF FAIRFAX COUNTY

Fairfax County
Department of
Family Services

v.

John Doe et al.

February 14, 2000

Case No. (Chancery) 164632

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

On January 24, 2000, this court entered two orders in this case: an order in J&DR Case No. JJ322060 (*In re Brittany Smoot*), vacating all orders entered by the Juvenile and Domestic Relations Court after the June 15, 1998, final order, and an order in J&DR Case No. JJ113493 (*In re Christopher Moore*), dismissing Ms. Havrilak's appeal for lack of subject matter jurisdiction. This matter again came before me on Mr. Greenbaum's Motion to Reconsider the January 24, 2000, order this court entered in the Smoot case. For the following reasons I deny the Motion to Reconsider.

In his Motion to Reconsider Mr. Greenbaum argues that, under *Accomack County Dept. of Social Servs. v. Muslimani*, 12 Va. App. 220, 403 S.E.2d 1 (1991), the Juvenile and Domestic Relations Court had the authority to enter orders in the Smoot case after the June 15, 1998, order, despite the 21 day provision in Virginia Supreme Court Rule 1:1. In *Muslimani*, the Court of Appeals of Virginia reversed the trial court's order refusing to reconsider its decision to give custody of three minor children to their father who had admitted fathering several children by his eleven year old stepdaughter, the children's halfsister. The father argued that the trial court correctly denied the Motion to Reconsider because the Department of Social Services failed to meet the standard for a new trial based on after-acquired evidence. The Court of Appeals held that under § 16.1-289 of the Virginia Code, a trial court may

reopen any case disposed of under § 16.1-279 (now 16.1-278.2) in order to modify or revoke its order. The Court of Appeals further held that "whether a disposition under Code § 16.1-279 [now 16.1-278.2] should be reopened is . . . determined by the child's best interests."

The June 15, 1998, order entered in the Smoot case was based on a protective order entered pursuant to § 16.1-278.2. This order was final under § 16.1-296(A). Therefore the Juvenile and Domestic Relations Court could have vacated or modified the order under § 16.1-289 if it found that it was in the best interests of Brittany Smoot to do so. However, none of the orders Judge Valentine entered after June 15, 1998, indicate that the court contemplated the best interests of Brittany Smoot. Indeed, the September 8, 1999, order and the transcript from the December 13, 1999, hearing indicate that the court was not motivated by a concern for Brittany Smoot's best interests, but rather by concerns regarding Christopher Moore's relationship with his guardian *ad litem* and his acquittal in the criminal case against him. See Dec. 13, 1999, Tr. at 6, lines 11-21.

A court may modify or vacate a final order under § 16.1-289 if it finds that the best interests of the child warrant such action. See *Accomack County Dept. of Social Servs. v. Muslimani*, 12 Va. App. 220, 225-26, 403 S.E.2d 1 (1991). Because I find that the Juvenile and Domestic Relations Court made no such finding in this case, all orders the court entered after June 15, 1998, are void as to Brittany Smoot because they were entered after the 21 days allowed by Rule 1:1. The Motion to Reconsider is denied.